IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR LLOYD MITCHELL, : | |
| Plaintiff : | |
| v. : | Case No. 3:22-cv-154-KAP |
| DON BOYLSTEIN, : | |
| Defendant : | |

Memorandum Order

In September 2022, plaintiff Victor Lloyd Mitchell, an inmate at S.C.I. Somerset serving a 11-22 year sentence imposed in 2014 in Dauphin County at Commonwealth v. Mitchell, CP-22-CR-617-2011 (C.P. Dauphin), filed a civil rights complaint dated September 1, 2022, making a single claim under Farmer v. Brennan, 511 U.S. 825 (1994). That case held that corrections personnel have a duty to protect inmates from assaults by other inmates and imposes liability for a third-party assault resulting from corrections personnel being "deliberately indifferent" to inmate safety. That mental state requires that the defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. at 837.

Mitchell named one defendant, his former unit manager Don Boylstein. Mitchell alleged that on December 3, 2021, Boylstein assigned inmate Terrance Morgan as Mitchell's cellmate. Mitchell alleged that Boylstein was deliberately indifferent in so doing because Boylstein knew Morgan to be an aggressive homosexual, a high security risk with a known history of sexual misconduct and a diagnosis of having serious mental illness. Mitchell alleged that both he and Morgan had been screened using the Prison Rape Elimination Act Risk Assessment Tool and that Mitchell was assessed as being at a higher risk for being victimized, while Morgan was assessed at higher risk of being sexually abusive and was considered to be an "institutional sexual predator." Mitchell alleged that he has a history of mental illness as well and that as someone known and perceived to be a vulnerable gay/bisexual inmate he was a chief target for sexual abuse in prison. Between December 3, 2021 and the end of January 2022, Morgan allegedly raped Mitchell several times.

Mitchell brought the alleged to the attention of corrections personnel at the beginning of February 2022, when Mitchell sought assistance from mental health care staff because Morgan was urging Mitchell to kill himself. Morgan was removed from Mitchell's housing unit, but Mitchell alleges that in addition to the injury suffered from Morgan's assaults he has been labeled a "snitch," and he himself has been removed to

1

another housing unit.

After service of the complaint, the matter became a consent case. I set the first pretrial schedule in January 2023, and subsequently granted motions for extension of time to complete discovery in May 2023, February 2024, April 2024, May 2024, and July 2024. In the last motion for extension of time Mitchell advised that he had compiled approximately 100 pages of an expected 190-page motion to compel that he expected to file in July. July came and went without the expected motion.

Mitchell now files a motion to stay, ECF no. 61, advising that that his mental illness makes it impossible for him to proceed *pro se* and that he intends to file a motion for appointment of counsel. The proposed stay is requested to last until the appointment of counsel is granted. However, under Local Civil Rule 10, appointment of counsel is not considered before the resolution of dispositive motions unless there are extraordinary circumstances. No extraordinary circumstances are presented by plaintiff's claim two years into this litigation of an inability to litigate due to persistent depressive disorder. I mentioned Mitchell's underlying criminal case above because the public docket sheet for that case indicates that during 2023 Mitchell was able to file a *pro se* PCRA petition in Dauphin County and, after appointed counsel moved to withdraw, moved to proceed *pro se*. That history and the details of Mitchell's motions in this case undermine his claim to be unable to litigate. Being able to litigate and being able to litigate to one's own satisfaction are two different things, and even if there were more counsel willing to consider *pro bono* representation it is not the case that either the *pro se* litigant should be as good as a lawyer or counsel should be appointed.

The motion to stay is accordingly denied. Because Mitchell is long past the extended deadline I could dismiss this matter under Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir.1984). Poulis set out six factors to consider in imposing a sanction for failure to prosecute: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) any history of delay; (4) whether the conduct of the party or attorney at fault was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the merit of the claim or defense. It is not necessary that all the Poulis factors weigh in favor of dismissal. Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir.1988). What is necessary is that any sanction balance the Court's need to control its own docket against the goal of disposing of litigation on its merits. *See* In re Asbestos Products Liability Litigation (No. VI), 718 F.3d 236, 246 (3d Cir.2013). In the absence of "substantial" reasons to the contrary, cases should be decided on the merits. Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir. 2019).

      That said, plaintiff shall forthwith file the motion to compel as it stands. If it has any facial merit to it I will order a response (and defendant is free to respond with or without an order from me). After review of the motion and any response I will issue a final pretrial schedule giving dates for the filing of motions for summary judgment and pretrial statements.

DATE: November 7, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

    Victor L. Mitchell MX-8108
    S.C.I. Somerset
    1590 Walters Mill Road
    Somerset, PA 15510